IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.    **CRIMINAL NO. 1:12cr52 LG-RHW-4**
   **CIVIL NO. 1:14cv114 LG**

**CLIFTON JOSEPH GOUDEAU, JR.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [535] of the defendant, Clifton Joseph Goudeau, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. After review of the Motion and the record in this case, the Court finds that the Motion should be denied without a hearing.

DISCUSSION

The defendant was one of a number of persons charged and convicted in this drug conspiracy case. He was charged with one felony count and agreed to plead guilty pursuant to a written Plea Agreement with the government. He was sentenced to 120 months imprisonment. (Judgment 2, ECF No. 494). In paragraph seven of the Plea Agreement, the defendant agreed to waive his right to appeal his sentence or to attack his sentence collaterally under Title 28 U.S.C. § 2255. (Plea Agmt. 4-5, ECF No. 433). The defendant brings this motion under § 2255, notwithstanding his agreement not to do so, claiming that he was promised a sentence of twenty-four months imprisonment, which would be based on being held responsible for two to three and one half kilograms of a controlled substance, and a

non-leadership role in the criminal enterprise. He claims he was rushed into pleading guilty and felt improper pressure because he thought he would be found guilty by a jury and then face a sentence of at least ten years and up to life imprisonment. He also argues that intercepted phone call evidence should have been excluded from consideration by the Court. He further argues that his counsel provided ineffective assistance of counsel because he did not adequately explain the Plea Agreement, did not consult with defendant on the Presentence Investigation Report, and failed to object to the incorrect base offense level or argue for a reduction in the base offense level.

**1. Waiver**

The defendant has waived his right to bring these claims by way of this § 2255 motion. *United States v. Wilkes,* 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). As noted above, defendant signed a Plea Agreement containing a waiver of his right to file post-conviction motions challenging his conviction and sentence. Furthermore, he stated to this Court under oath that he understood the charges against him, that he understood the minimum and maximum penalty, that he understood this Court was not bound by any recommendation for sentencing submitted by the United States, that he was satisfied with the performance of his attorney, and that he understood he was waiving his right to appeal or file a post-conviction motion. The defendant also told the Court that no one had forced, threatened or in any other manner coerced him into pleading guilty. A defendant's sworn statements in open court are

entitled to a strong presumption of truthfulness. *United States v. Lampaziane,* 251 F.3d 519, 524 (5th Cir. 2001); *see also Blackledge v. Allison,* 431 U.S. 63, 74 (1977). The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002). Defendant's sworn testimony that he understood the terms of his guilty plea, and in particular the waiver provisions of his Plea Agreement, is presumed to be true. His current assertions to the contrary do not overcome his voluntary waiver of the right to file a § 2255 motion.

**2. The Grounds for Relief**

Even if the defendant had not waived his right to file a § 2255 motion, he has not presented valid grounds for post-conviction relief. Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

A.  <u>The Promised Sentence</u>

Many of defendant's grounds for relief concern his alleged understanding that he would receive a lesser sentence than the 120 months imprisonment imposed by the Court.  Whether this is interpreted as a claim that the government breached the plea agreement, that his guilty plea was involuntary or unknowing, or that his counsel provided ineffective assistance, the claim lacks merit.  Defendant's Plea Agreement states that he "understands that the penalty for the offense charged in Count 1 of the Indictment . . . is not less than 10 years up to life in prison. . . ."  The Court also explained the maximum and minimum sentence to defendant at defendant's plea and sentencing hearings.  The defendant told the Court at his plea hearing that he had discussed the maximum and minimum sentence with his counsel, and he understood them.  He also testified that the written Plea Agreement and written Plea Supplement contained the only promises made to him; no one had made any other offers or promises of any kind to induce him to plead guilty.  The Court was entitled to rely on defendant's assurances when it concluded defendant's guilty plea was knowing and voluntary and should be accepted.  The record provides no support for defendant's assertions that he thought he would be sentenced to twenty-four months imprisonment.

B.  <u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *United States v. Presley*, 415 F. App'x 563, 568 (5th Cir.

-4-

2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The defendant argues that his counsel failed to explain the risks and benefits of the government's plea offer, failed to consult with him about the PSI, and failed to object to the incorrect base offense level or argue for a reduction. Counsel has filed an affidavit stating that he reviewed the government's plea offer with defendant, and defendant accepted it after being advised of the government's evidence against him. (Aff. 2, ECF No. 550). Counsel states that he also reviewed the PSI with the defendant, and filed objections to the guideline calculation in the PSI. (*Id.* at 2). Counsel states he never told the defendant he would receive a twenty-four month sentence. (*Id.* at 1).

Defendant's counsel did file objections to the PSI, some of which were sustained by the Court at the sentencing hearing, thereby reducing defendant's total offense level. Specifically, the Court sustained counsel's objections to assigning defendant a leadership role in the conspiracy, and an enhancement for possession of a gun. However, the Court overruled the objection to the amount of cocaine attributable to defendant. Despite the stipulation of the parties for a lesser amount, the Court found that defendant knew or should have known that the amount of cocaine involved in the conspiracy was more than five kilograms. These rulings resulted in a guideline imprisonment range of 108 to 135 months - a significant reduction from the originally calculated 210 to 262 months.

The record does not show that counsel's performance was deficient in regard to the objections to the PSI. But even if it was, defendant suffered no prejudice.

-5-

Even if counsel could have convinced the Court to reduce defendant's offense level further, it would not have affected defendant's sentence. He remained subject to the ten year statutory minimum term of imprisonment, regardless of the calculated sentencing guideline range.

In regard to defendant's assertions that his counsel did not explain the ramifications of the plea offer or review the PSI with him, those assertions are contradicted by the written plea agreement, defendant's testimony at his plea hearing, and the sentencing hearing proceedings. And although defendant asserts "[t]here were many inaccuracies in the presentence investigation report, which in turn led to an increased number of months in my sentence term," defendant does not explain what those inaccuracies were. (Pet. Mot. 16, ECF No. 535). Further, as explained above, defendant's sentence was dictated by the statutory minimum for the offense rather than the calculated guideline range. For these reasons, there is no basis for finding that counsel's performance was deficient and that the deficient performance prejudiced the defense. Defendant is not entitled to § 2255 relief for ineffective assistance of counsel.

C. <u>Exclusion of Intercepted Phone Call Evidence</u>

The defendant generally claims that "a judge cannot authorized [sic] the interception of mobile phone calls when neither the phone nor the listening post is present within the court's territorial jurisdiction" and such evidence must be excluded. (Pet. Mot. 8 (Ground 3), ECF No. 535). Defendant does not explain how this principle might apply in this case. Further, he waived this Fourth Amendment

claim by pleading guilty. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). This claim does not entitle defendant to § 2255 relief.

## CONCLUSION

A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The defendant's motion shows conclusively that he is entitled to no relief. Accordingly, the motion will be denied without a hearing.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order adverse to a petitioner unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, the defendant may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). As to claims rejected on procedural grounds only, the defendant may obtain a COA by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court finds that the defendant cannot satisfy the *Slack* criteria. Accordingly, a COA will not issue in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [535] of the defendant, Clifton Joseph Goudeau, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is **DENIED**. A certificate of appealability from this decision is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of March, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE